UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER HUMPHREY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 05-63-B-W |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION
AND
ORDER TO ANSWER**

Christopher Humphrey has filed a complaint naming as defendants the Maine State Prison, the Maine Department of Corrections, and five named correctional officers and unknown supervisors. I now recommend that the complaint be **DISMISSED** as to the state entities, the unknown supervisors, and the one corrections officer upon whom service cannot be completed. The remaining defendants, Adams, Keach, Barbeau, and Plaisted have returned executed waivers of service and are hereby ordered to answer the complaint by September 8, 2005. Under the notice pleading standards of Federal Rule of Civil Procedure 8 it is possible that Humphrey might prove that the officers used excessive force against him, a convicted prisoner, and that this force was malicious and sadistic with there being no legitimate law enforcement purpose underlying the conduct. See Whitley v. Albers, 475 U.S. 312 (1986) and Hudson v. McMillian, 503 U.S. 1 (1992).

**Discussion**

*The unserved defendant*

Humphrey named, as defendant number two, Corrections Officer McArdo, who is no longer employed at the correctional facility. The United States Marshal attempted to make service upon him but could not locate him because he had moved to Florida and his whereabouts were unknown. He returned the summons unexecuted over one month ago. Since that time Humphrey has not provided the court with any additional information about McArdo and I do not know how service can be accomplished if the United States Marshal is unable to locate him. His presence in the lawsuit should not delay the case any longer and I recommend that he be dismissed without prejudice.

*The unknown supervisors*

Humphrey's complaint is devoid of any allegations pertaining to the conduct of supervisors. He cannot simply name "unknown supervisors." If he does not know a specific supervisor's name, such a person could be sued as John Doe, but the allegations would have to be specific because there is no respondeat superior liability placed upon supervisors in a 42 U.S.C. § 1983 action. A supervisory officer may be held liable for the behavior of his subordinate officers where his "action or inaction [is] affirmative[ly] link[ed] ... to that behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence amounting to deliberate indifference.' " Lipsett v. University of P.R., 864 F.2d 881, 902 (1st Cir.1988) (internal citation omitted). Accord Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). The "affirmative link" requirement contemplates proof that the supervisor's conduct led inexorably to the constitutional violation. Hegarty v. Somerset County, 53

F.3d 1367, 1379 -80 (1st Cir. 1995). This complaint does not state a claim against any supervisor, named or unnamed.

*The State entities*

Humphrey has also named as defendants the Maine State Prison and the Maine Department of Corrections. As a general matter, "states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent." Greenless v. Almond, 277 F.3d 601, 606 (1st Cir.2002). There is the equally well known doctrine that a state is not a "person" within the meaning of 42 U.S.C. § 1983 in any event. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 67-68 (1989). The Department of Corrections is simply an arm of the state itself and, therefore, not subject to suit under 42 U.S.C. § 1983. The Maine Law Court does not recognize the Maine State Prison as a separate legal entity at all. See Clark v. Maine Dept. of Corrs., 463 A.2d 762, 765 (Me. 1983) ("The Maine State Prison is neither an agency nor a legal entity which can sue or be sued. Accordingly, we conclude that it cannot be a party defendant to these proceedings.") Humphrey's claim against these two defendants fails because they are immune from suit.

**Conclusion**

Based upon the foregoing, the individual defendants upon whom service has been made shall answer the complaint by September 8, 2005. I recommend that the court dismiss the complaint without prejudice as to Corrections Officer McArdo. I also recommend that the complaint be dismissed as to unknown supervisors, the Maine State Prison, and Maine Department of Corrections.

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 19, 2005.

               /s/ Margaret J. Kravchuk
               U.S. Magistrate Judge