UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER HUMPHREY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 05-63-B-W |
| ) | |
| MAINE STATE PRISON, et al., ) | |
| ) | |
| Defendants ) | |

*RECOMMENDED DECISION ON SUMMARY JUDGMENT MOTION*

Christopher Humphrey is an inmate at the Maine State Prison who has filed a 42 U.S.C. § 1983 action complaining that correctional officers used excessive force against him in violation of his Eighth Amendment rights when they extricated him from his cell on November 21, 2004. In his complaint Humphrey also charges unspecified defendants with providing inadequate training and negligent supervision. I have already issued an order recommending that the complaint be dismissed without prejudice as against Corrections Officer McArdo and with prejudice as against the Maine State Prison, the Maine Department of Corrections, and unknown supervisors. Correctional Officers Keach and Adams have moved for summary judgment on the grounds that Humphrey had not fully exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) (Docket No, 21); Defendant Scott Plaisted (Docket No. 24) and Defendant Darren Barbeau (Docket No. 27) have joined this motion. Humphrey has not filed anything in response to this motion and, having determined that the defendants are entitled to judgment as a matter of law, I recommend that the Court grant the remaining defendants

summary judgment on the Eighth Amendment claim and further recommend that the Court decline to exercise supplemental jurisdiction over any state law negligence claims against these defendants.

## *Discussion*

### *The Summary Judgment Standard*

The defendants are entitled to a favorable summary judgment order only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [they are] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the defendants meet their burden the Court will grant the summary judgment motion unless Humphrey's presentation generates a genuine issue as to the presence or absence of material fact or facts; that is, that the evidence in the record is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). In evaluating whether a genuine issue is raised, the Court must view all facts in the light most favorable to Humphrey and give him the benefit of all reasonable inferences in his favor. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

However, the reality that Humphrey has failed to place a single one of the defendants' facts in dispute means that I deem the properly supported facts as admitted, see Faas v. Washington County, 260 F. Supp. 2d 198, 201 (D. Me. 2003). Humphrey's pro se status does not relieve him of his duty to respond, see Parkinson v. Goord, 116 F.Supp.2d 390, 393 (W.D.N.Y 2000) ("[P]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment"), nor alter the Court's obligation

to fairly apply the rules governing summary judgment proceedings, see Fed. R. Civ. P. 56; Dist. Me. Loc. R. Civ. P. 56.

### *The Statutory Exhaustion Requirement*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While "exhaustion is not a prerequisite to federal jurisdiction ... the exhaustion requirement is nonetheless mandatory." Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).

### *Complaint Allegations Pertaining to Exhaustion*

With respect to the steps taken to exhaust his administrative remedies at the prison, Humphrey alleges in his complaint[1] that he "filed in the appropriate amount of time and handed [his grievance] into the supervisory shift."  "The next morning," Humphrey states vis-à-vis the results, 'the prison investigator came to take a report but [he has] heard nothing since."

### *The Defendants' Statement of Facts Regarding Grievance*

Humphrey was a prisoner in the custody of the Department of Corrections at the time of this lawsuit (Defs.' SMF ¶ 1) and he remains a prisoner in the Department's custody (id. ¶ 2).

The grievance policy in effect at the time of the incident giving rise to Humphrey's lawsuit, the alleged November 21, 2004, use of excessive force, was Policy 29.1. (Id. ¶ 3.)  Under that grievance policy, there is a formal grievance process that has

---

[1]   As the defendants set forth in their facts this is Humphrey's third complaint apropos this incident. Humphrey voluntarily dismissed his previous two complaints.

3

three levels of review. (Id. ¶ 4.)  Under that grievance policy, the initial grievance must be filed within fifteen days of the complained of behavior. (Id. ¶ 5.)   If the prisoner is not satisfied with the response to his initial grievance, he may request a second level of review, which is reviewed by the Chief Administrative Officer. (Id. ¶ 6.) There is no timely grievance in the facility grievance file regarding excessive force on November 21, 2004, from Humphrey that was filed with the grievance review officer, which would have had to have been filed by December 6, 2004. (Id. ¶ 7.)

On December 27, 2004, Christopher Humphrey filed a civil rights lawsuit in federal court (Docket No. CV-04-223-B-W) claiming excessive force against Barbeau and Plaisted based on the same allegations set forth in this case. (Id. ¶ 8.)  Humphrey requested voluntarily dismissal, of that complaint on April 24, 2004. As reason for dismissing his complaint, Humphrey stated: "My lawyer informed me that I didn't follow procedures properly."  That dismissal was entered on April 27, 2005. (Id. ¶ 9.)  On April 8, 2005, Humphrey filed a second lawsuit (Docket No. CV-05-56-B-W) in federal court based on these same facts, but this time named the Maine State Prison and Jeffrey Merrill as the defendants. (Id. ¶ 10.)  On April 13, 2005, Humphrey again requested voluntary dismissal of that case, stating:  "I request that it be dismissed and that I get new lawsuit forms so I can properly state my claim on that issue."  That case was dismissed on April 19, 2005.  (Id. ¶ 11.) The only grievance filed with the grievance review officer regarding the excessive force that the plaintiff alleges occurred on November 21, 2004, is dated March 22, 2005, and logged in as received on March 23, 2005.  (Id. ¶ 12.)  The response to that grievance was sent to Humphrey and indicated that because his grievance was filed after the fifteen-day time limit had expired, the grievance was denied. (Id. ¶ 13.)  No

4

level 2 or level 3 appeals were taken by Humphrey of this grievance. (Id. ¶ 14.) Instead, Humphrey filed his third lawsuit with this Court based on the same set of facts. (Id. ¶ 15.)

### *Disposition*

The defendants' factual record makes it clear that Humphrey has failed to complete the prison's grievance procedure apropos the November 21, 2004, cell extrication incident. By not responding in any manner to the defendants' summary judgment motion, Humphrey has failed to create a genuine dispute of material fact regarding the 42 U.S.C. § 1997e(a) exhaustion inquiry. Accordingly, I conclude that the defendants are entitled to judgment as a matter of law on Humphrey's Eighth Amendment claim. To the extent that Humphrey charges any of these four remaining correctional officer defendants with negligence under state tort law I recommend that the court decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. 1367(c); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims."); accord Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir.2004).

### *Conclusion*

For the reasons set forth above I recommend that the Court **GRANT** the defendants' summary judgment motions (Dockets No. 21, 24 & 27) on Humphrey's Eighth Amendment claim. I also recommend that the court decline to exercise supplemental jurisdiction over any state law claims Humphrey intended to plead.

## NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 3, 2005.

                                               /s/Margaret J. Kravchuk
                                               U.S. Magistrate Judge